**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| ERIN LEVINE, ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CVS PHARMACY, INC.; ) <br> CONNECTICUT CVS ) <br> PHARMACY, LLC; and ) <br> FOURSTAR GROUP USA, INC., ) <br> ) <br>     Defendants ) | CASE NO.: 3:21-cv-857 <br><br> DEMAND FOR JURY TRIAL |

## **COMPLAINT**

The plaintiff, Erin Levine, by and through her counsel, RisCassi & Davis, P.C., brings this action against the above-named defendants.

### **I. PARTIES**

1. The plaintiff, Erin Levine, is a resident of the Town of Enfield, State of Connecticut.

2. At all times mentioned herein, the defendant CVS Pharmacy, Inc., with a principal business address of One CVS Drive, Woonsocket, Rhode Island, was, and continues to be, a Rhode Island corporation, which was authorized to transact business within the State of Connecticut.

3. At all times mentioned herein, the defendant Connecticut CVS Pharmacy, LLC, with a principal business address of One CVS Drive, Woonsocket, Rhode Island, was, and continues to be, a Connecticut limited liability company, which was authorized to transact

business within the State of Connecticut.  The sole member of the defendant, Connecticut CVS Pharmacy, LLC, is the defendant, CVS Pharmacy, Inc.

4.	At all times mentioned herein, the defendant Fourstar Group USA, Inc., with a principal business address of 189 Main Street, Suite 31, Milford, Massachusetts, was, and continues to be, a Delaware corporation, which was transacting business within the State of Connecticut.

## II. JURISDICTION AND VENUE

5.	The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  This civil action is between citizens of different states.  The defendants maintain sufficient minimum contacts with the State of Connecticut such that the exercise of jurisdiction over the defendants by Connecticut courts would not offend traditional notions of fair play and substantial justice.  By reason of the foregoing circumstances, this Court has diversity jurisdiction over this lawsuit.  28 U.S.C. § 1332(a)(1).

6.	Venue is proper in this District because it is a judicial district in which a substantial part of the events or omissions giving rise to Plaintiff's claim occurred.  28 U.S.C. § 1391(a)(2).

## III. GENERAL ALLEGATIONS

7.	The plaintiff, Erin Levine, incorporates by reference, as if fully set forth herein, each and every allegation in this Complaint.

8.	At all times mentioned herein, the defendants, CVS Pharmacy, Inc., Connecticut CVS Pharmacy, LLC, and Fourstar Group USA, Inc. (hereinafter "the defendants"), their officers, agents, servants, and/or employees, designed, sold, manufactured, and/or delivered

products into the stream of commerce in Connecticut and are product sellers as defined by § 52-572m of the Connecticut General Statutes.

9. At all times mentioned herein, the defendant, CVS Pharmacy, Inc., its officers, agents, servants, and/or employees, were involved in the design, assembly, manufacture, testing, packaging, labelling, marketing, distribution, sale, and/or were otherwise involved in placing into the stream of commerce CVS Health Peas hot or cold therapy pack (hereinafter referred as "CVS Health Peas").

10. At all times mentioned herein, the defendant, Connecticut CVS Pharmacy, LLC, its officers, agents, servants, and/or employees, were involved in the design, assembly, manufacture, testing, packaging, labelling, marketing, distribution, sale, and/or were otherwise involved in placing into the stream of commerce CVS Health Peas.

11. At all times mentioned herein, the defendant, Fourstar Group USA, Inc., its officers, agents, servants, and/or employees, were involved in the design, assembly, manufacture, testing, packaging, labelling, marketing, distribution, sale, and/or were otherwise involved in placing into the stream of commerce CVS Health Peas.

12. At all times mentioned herein, the defendants designed, assembled, manufactured, tested, packaged, labelled, marketed, distributed, and/or sold CVS Health Peas with the intention that consumers, including those in the State of Connecticut, would heat the product in a conventional microwave oven and use said heated product for personal therapeutic relief.

13. At all times relevant herein, the defendants provided incomplete, insufficient, and/or misleading instructions, training, and/or information to users and consumers regarding how to properly and safely use the CVS Health Peas, including, but not limited to, failing to

provide instructions for heating the product in microwaves and/or the risks of injury attendant to the heating of said product.

14. At no time did the defendants provide warnings regarding the risk of the packaging rupturing after being heated in a microwave, despite numerous complaints on the CVS Health website from customers identifying such an issue.

15. On or about July 5, 2020, the plaintiff, Erin Levine, purchased CVS Health Peas from a CVS Pharmacy in Enfield, Connecticut.

16. The defendants designed, assembled, manufactured, tested, packaged, labelled, marketed, distributed, and/or sold the CVS Health Peas, which were purchased by the plaintiff, Erin Levine.

17. The CVS Health Peas reached the plaintiff, Erin Levine, without substantial change in their condition and were used in a reasonably foreseeable manner on July 5, 2020.

18. On or about July 5, 2020, the plaintiff, Erin Levine, put the CVS Heath Peas into her microwave oven and heated the product for 30 seconds, consistent with the instructions on the packaging.  Upon removing the CVS Health Peas from the microwave, the plastic casing of the product suddenly, and without warning, ruptured and the heated contents were caused to spill out onto the plaintiff, Erin Levine, causing her to sustain personal injuries and losses, including, but not limited to:

    a) Burns to her right foot, requiring surgery;

    b) Burns to her right hand;

    c) Burns to her left hand;

    d) Scarring;

    e) Loss of sensation in her right foot;

   f) Physical and mental pain and suffering.

 19. The incident that caused the harm to the plaintiff was of a kind that does not ordinarily occur in the absence of a product defect and any defect most likely existed at the time the product left the manufacturers' or sellers' control and was not the result of the causes not attributable to the manufacturer or seller.

 20. In addition to, and without limiting the allegations of the preceding paragraph, a substantial factor in causing the plaintiff's injuries was the defendants' violation of Connecticut General Statutes § 52-572m – § 52-572q in one or more of the following ways:

   a) the CVS Health Peas were improperly or inadequately designed;

   b) the CVS Health Peas were improperly or inadequately manufactured;

   c) the CVS Health Peas were improperly prepared for consumer use;

   d) the CVS Health Peas were improperly or inadequately assembled;

   e) the CVS Health Peas were improperly or inadequately fabricated;

   f) the CVS Health Peas were manufactured, assembled, designed, prepared, fabricated, tested, labeled, packaged, distributed and/or sold without adequate or proper precautions to prevent them from causing the injuries of the type suffered by the plaintiff;

   g) the CVS Health Peas were manufactured, assembled, designed, prepared, fabricated, tested, labeled, packaged, distributed and/or sold in a condition unreasonably dangerous for their intended use;

   h) the CVS Health Peas were manufactured, assembled, designed, prepared, fabricated, tested, labeled, packaged, distributed and/or sold without adequate or proper warnings regarding the risk of the product rupturing after microwave heating;

   i) the CVS Health Peas were manufactured, assembled, designed, prepared, fabricated, tested, labeled, packaged, distributed and/or sold without adequate or proper warnings regarding the risk of injury from the contents of the ruptured product;

    j) the CVS Health Peas were manufactured, assembled, designed, prepared, fabricated, tested, labeled, packaged, distributed and/or sold without adequate or proper instructions regarding the heating of the product in a microwave.

21. A substantial factor in causing the defect and/or malfunction of the CVS Heath Peas was the defendants' negligent design, testing, manufacture, preparation, assembly, labeling, testing, distribution and/or sale of said product.

22. As a further result thereof, the plaintiff, Erin Levine, has been forced to incur financial obligations for hospital and medical care and treatment, diagnostic studies, surgeries, medicines and the like, and may be obligated for further such sums in the future.

23. As a further result thereof, the plaintiff, Erin Levine, has been, and in the future will likely continue to be, unable to pursue her usual activities to the same extent as prior to the accident, all to her further loss and detriment.

## IV. PRAYER FOR RELIEF

**WHEREFORE,** the plaintiff, Erin Levine, brings this Complaint against the defendants, CVS Pharmacy, Inc., Connecticut CVS Pharmacy, LLC, and Fourstar Group USA, Inc., for personal injuries and prays for a judgment against the defendants for:

a) Compensatory damages and costs;

b) Punitive damages as appropriate under the Connecticut Product Liability Act;

c) Such other relief as the Court deems appropriate or to which the plaintiff is entitled by law.

**The Plaintiff,**

Dated: June 23, 2021

*/s/ Ryan K. Sullivan*

Ryan K. Sullivan
Federal Bar No.:  CT 30904
RisCassi and Davis, P.C.
131 Oak Street, P.O. Box 261557
Hartford, CT 06126-1557
860-522-1196
860-246-5847 (fax)
rsullivan@riscassidavis.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| ERIN LEVINE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CVS PHARMACY, INC.; | ) |
| CONNECTICUT CVS | ) |
| PHARMACY, LLC; and | ) |
| FOURSTAR GROUP USA, INC., | ) |
| | ) |
| Defendants | ) |

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. Rule 38, the plaintiff in the above-captioned matter hereby demands a trial by jury on all issues.

**The Plaintiff,**

Dated: June 23, 2021

*/s/ Ryan K. Sullivan*

Ryan K. Sullivan
Federal Bar No.:  CT 30904
RisCassi and Davis, P.C.
131 Oak Street, P.O. Box 261557
Hartford, CT 06126-1557
860-522-1196
860-246-5847 (fax)
rsullivan@riscassidavis.com